UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EVERARD PAUL DAZET, III, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-7591** |
| **STATE FARM FIRE AND CASUALTY COMPANY, ET AL.** | **SECTION B(2)** |

ORDER AND REASONS

Before the Court is Plaintiffs' Motion To Remand. (Rec. Doc. No. 6).  After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiffs' Motion is **DENIED**.

*BACKGROUND*

On August 29, 2005 Plaintiffs allegedly sustained damage to their property as a result of tornados, hurricane winds and rain. Plaintiffs filed a claim with their homeowner's insurer, State Farm Fire And Casualty Company ("State Farm").

On August 29, 2006, Plaintiffs filed suit against State Farm, Bo Seward, and Ken Jones in the 25th Judicial District Court in the Parish of Plaquemines.  Plaintiffs allege State Farm failed to fully tender compensation for claims made under Plaintiffs' homeowner's insurance policy following Hurricane Katrina. Plaintiffs further allege that Defendants Bo Seward and Ken Jones intentionally failed to adjust Plaintiffs' claim fairly.

Defendant State Farm removed the matter to federal court

1

asserting federal jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1369 and 1441.  Defendant claimed the requirements of 28 U.S.C. § 1332 were satisfied as the amount in controversy exceeds $75,000.00 and complete diversity between proper parties exists because Bo Seward and Ken Jones were fraudulently joined.

Plaintiffs contend that Bo Seward and Ken Jones were properly joined as Defendants and are citizens of Louisiana.  Therefore, diversity of citizenship is destroyed.  Furthermore, Plaintiffs contend supplemental jurisdiction does not exist.  Therefore, Plaintiffs move the Court to remand.

Defendant concedes that supplemental jurisdiction does not exist pursuant to 28 U.S.C. § 1441.  *Memorandum In Opposition To Plaintiffs' Motion To Remand*, p. 10. However, Defendant maintains that jurisdiction exists pursuant to 28 U.S.C.§ 1332.  *Id.*

### *DISCUSSION*

Civil actions may be removed from state court when the United States district courts have original jurisdiction.  28 U.S.C. § 1441(a).  However, when original jurisdiction is not founded on a claim "arising under the Constitution, treaties or laws of the United States," the action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." 28 U.S.C. § 1441(b).  All of the requirements of diversity jurisdiction contained in 28 U.S.C. § 1332 must be satisfied to remove a case based on diversity.  *Smallwood v. Illinois Central Railroad Co.*,

2

385 F.3d 568, 572 (5th Cir. 2004).

An analysis of whether an in-state defendant is properly joined must focus on the joinder, "not the merits of the plaintiff's case." *Id.* at 573. The test for fraudulent joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id* at 573. A court may conduct a "Rule 12(b)(6)-type analysis" to determine whether a plaintiff has a reasonable basis for recovery. *Id.* However, the summary inquiry is appropriate only to identify discrete undisputed facts to discern whether plaintiff's recovery against the non-diverse defendant is precluded. *Id.* "In that respect, it is well settled that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Laroquette v. Cardinal Health 200, Inc.*, 2006 WL 2807024 (5th Cir. 2006)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Any doubt as to federal jurisdiction should be resolved in favor of remand. *Manguno v. Prudential Property Casualty Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Defendant proffered uncontested evidence that Bo Seward is a resident of Arkansas and Ken Jones is a resident of Nebraska.

3

Therefore, the parties are completely diverse. Furthermore, Plaintiff does not dispute that the amount in controversy exceeds $75,000.00. Therefore, the requirements of 28 U.S.C. §1332 are satisfied and diversity of citizenship jurisdiction exists. Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion To Remand is **DENIED**.

New Orleans, Louisiana this 8th day of January, 2007.

_____
UNITED STATES DISTRICT JUDGE